UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD KREISLER, Individually and on Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>          v.<br><br>255-257 EAST 61ST STREET, LLC and 2ND AVE FRESH FOOD CORNER INC.,<br><br>                          Defendants. | Case No. 1:25-CV-06238 (MKV)<br><br><br>**ANSWER** |

Defendant 255-257 East 61st Street, LLC ("Defendant"), by its undersigned counsel, Dilworth Paxson LLP, for its Answer to the complaint herein, alleges as follows:

1.       Denies the allegations contained in paragraph 1 of the complaint.

2.       Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the complaint.

3.       Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the complaint.

4.       The allegations set forth in paragraph 4 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the complaint.

5.       The allegations set forth in paragraph 5 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response

#125323212v1

is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the complaint

6.     The allegations set forth in paragraph 6 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the complaint.

7.     The allegations set forth in paragraph 7 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the complaint.

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the complaint.

9.     Admits the allegations contained in paragraph 9 of the complaint.

10.     Denies the allegations set forth in paragraph 10 of the complaint except admits that 255-257 East 61st Street LLC owns the commercial property located at 1161 2nd Avenue, New York, New York 10065 (the "Premises") which it leases to a retail grocery store.

11.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the complaint.

12.     Denies the allegations contained in paragraph 12 of the complaint.

13.     In response to the class action allegations contained in paragraphs 13-15 of the complaint, Defendant states the following:

(a)     Defendant denies that this action is properly maintainable as a class action;

2

(b)     Defendant specifically denies that Plaintiff, or any other person, can satisfy the requirements for maintaining a class action under Rule 23 of the Federal Rules of Civil Procedure;

(c)     Defendant denies that the prerequisites of Rule 23(a)—including numerosity, commonality, typicality, and adequacy of representation—are, or can be, satisfied;

(d)     Defendant further denies that the requirements of Rule 23(b) are, or can be, satisfied, including predominance, superiority, cohesiveness, or manageability;

(e)     Defendant denies that any purported class is ascertainable, properly defined, or capable of identification by objective criteria;

(f)     Defendant denies that Plaintiff has standing to represent any persons other than himself, and further denies that any class claims are appropriate or maintainable in this action;

(g)     Defendant reserves all rights to move to strike or oppose the class allegations and to oppose any motion for class certification pursuant to Rule 12(f), Rule 23(d)(1)(D), or any other applicable rule or law.

14.     In response to the allegations contained in paragraph 14 of the complaint, Defendant repeats and incorporates by reference herein the response to paragraph 13 of the complaint contained in this Answer.

15.     In response to the allegations contained in paragraph 15 of the complaint, Defendant repeats and incorporates by reference herein the response to paragraph 13 of the complaint contained in this Answer.

#125323212v1

16.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the complaint.

17.     The allegations set forth in paragraph 17 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the complaint.

18.     The allegations set forth in paragraph 18 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the complaint.

19.     The allegations set forth in paragraph 19 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the complaint.

20.     The allegations set forth in paragraph 20 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the complaint.

21.     The allegations set forth in paragraph 21 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the complaint.

#125323212v1

22.     The allegations set forth in paragraph 22 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the complaint.

23.     The allegations set forth in paragraph 23 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the complaint.

24.     The allegations set forth in paragraph 24 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the complaint.

25.     The allegations set forth in paragraph 25 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the complaint.

26.     The allegations set forth in paragraph 26 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the complaint.

27.     The allegations set forth in paragraph 27 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response

#125323212v1

is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the complaint.

28.    The allegations set forth in paragraph 28 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the complaint.

29.    The allegations set forth in paragraph 29 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the complaint.

30.    The allegations set forth in paragraph 30 of the complaint consist of legal interpretations and conclusions of law to which no response is required.  To the extent a response is deemed required thereto, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the complaint.

31.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the complaint.

32.    Denies the allegations contained in paragraph 32 of the complaint, except admits that 255-257 East 61st Street LLC owns the Premises, which it leases to a retail grocery store.

33.    Denies the allegations contained in paragraph 33 of the complaint.

34.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the complaint.

35.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the complaint.

6

36.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the complaint.

40.     Denies the allegations contained in paragraph 40 of the complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the complaint.

43.     Denies the allegations set forth in paragraph 43 of the complaint.

44.     Denies the allegations contained in paragraph 44 of the complaint.

## RESPONDING TO FIRST CAUSE OF ACTION

45.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the complaint.

46.     Denies the allegations contained in paragraph 46 of the complaint, except admits that a retail store is located at the Premises.

47.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the complaint.

48.     Denies the allegations set forth in paragraph 48 of the complaint.

49.    Denies the allegations set forth in paragraph 49 of the complaint.

50.    Denies the allegations contained in paragraph 50 of the complaint.

51.    Denies the allegations contained in paragraph 51 of the complaint.

52.    Denies the allegations set forth in paragraph 52 of the complaint.

53.    Denies the allegations set forth in paragraph 53 of the complaint.

54.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the complaint.

55.    Denies the allegations set forth in paragraph 55 of the complaint.

56.    Denies the allegations set forth in paragraph 56 of the complaint.

57.    Denies the allegations set forth in paragraph 57 of the complaint.

58.    Denies the allegations set forth in paragraph 58 of the complaint.

59.    Denies the allegations set forth in paragraph 59 of the complaint.

60.    Denies the allegations set forth in paragraph 60 of the complaint.

61.    The Denies the allegations set forth in paragraph 61 of the complaint.

62.    Denies the allegations set forth in paragraph 62 of the complaint.

63.    Denies the allegations set forth in paragraph 63 of the complaint.

64.    Denies the allegations set forth in paragraph 64 of the complaint.

65.    Denies the allegations set forth in paragraph 65 of the complaint.

66.    Denies the allegations set forth in paragraph 66 of the complaint.

67.    Denies the allegations set forth in paragraph 67 of the complaint.

68.    Denies the allegations set forth in paragraph 68 of the complaint.

69.    Denies the allegations set forth in paragraph 69 of the complaint.

70.    Denies the allegations set forth in paragraph 70 of the complaint.

#125323212v1

71.     Denies the allegations set forth in paragraph 71 of the complaint.

## RESPONDING TO SECOND CAUSE OF ACTION

72.     Repeats and realleges the above responses to the allegations incorporated by reference in paragraph 72 of the complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 73 of the complaint.

74.     Denies the allegations contained in paragraph 74 of the complaint.

75.     Denies the allegations set forth in paragraph 75 of the complaint except admits that a retail store is located at the Premises.

76.     Denies the allegations set forth in paragraph 76 of the complaint.

77.     Denies the allegations set forth in paragraph 77 of the complaint.

78.     Denies the allegations set forth in paragraph 78 of the complaint.

79.     Denies the allegations set forth in paragraph 79 of the complaint.

80.     Denies the allegations set forth in paragraph 80 of the complaint.

81.     Denies the allegations set forth in paragraph 81 of the complaint.

82.     Denies the allegations set forth in paragraph 82 of the complaint.

## RESPONDING TO THIRD CAUSE OF ACTION

83.     Repeats and realleges the above responses to the allegations incorporated by reference in paragraph 83 of the complaint.

84.     Denies the allegations set forth in paragraph 84 of the complaint.

85.     Denies the allegations set forth in paragraph 85 of the complaint.

86.     Denies the allegations set forth in paragraph 86 of the complaint

#125323212v1

87.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the complaint.

## RESPONDING TO FOURTH CAUSE OF ACTION

88.     Repeats and realleges the above responses to the allegations incorporated by reference in paragraph 88 of the complaint.

89.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 89 of the complaint.

90.     Denies the allegations set forth in paragraph 90 of the complaint except admits that a retail store is located at the Premises.

91.     Denies the allegations set forth in paragraph 91 of the complaint.

92.     Denies the allegations set forth in paragraph 92 of the complaint.

93.     Denies the allegations set forth in paragraph 93 of the complaint.

94.     Denies the allegations set forth in paragraph 94 of the complaint.

95.     Denies the allegations set forth in paragraph 95 of the complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 96 of the complaint.

97.     Denies the allegations set forth in paragraph 97 of the complaint.

## RESPONDING TO FIFTH CAUSE OF ACTION

98.     Repeats and realleges the above responses to the allegations incorporated by reference in paragraph 98 of the complaint.

99.     Denies the allegations set forth in paragraph 99 of the complaint.

100.     Denies the allegations set forth in paragraph 100 of the complaint.

101.     Denies the allegations set forth in paragraph 101 of the complaint.

102.    Denies the allegations set forth in paragraph 102 of the complaint.

103.    Denies the allegations set forth in paragraph 103 of the complaint.

104.    Denies the allegations set forth in paragraph 104 of the complaint.

## RESPONDING TO SIXTH CAUSE OF ACTION

105.    Repeats and realleges the above responses to the allegations incorporated by reference in paragraph 105 of the complaint.

106.    Denies the allegations set forth in paragraph 106 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

107.    The Complaint fails to state a cause of action upon which relief may be granted.

108.    Accordingly, the Complaint should be dismissed in its entirety.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

109.    The Complaint is barred by the doctrine of waiver.

110.    Accordingly, the Complaint should be dismissed in its entirety.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

111.    The Complaint is barred by the doctrine of estoppel.

112.    Accordingly, the Complaint should be dismissed in its entirety.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

113.    The Complaint is barred by Plaintiff's unclean hands by reason of Plaintiff's conduct, actions, or bad faith.

114.    Accordingly, the Complaint should be dismissed in its entirety.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

115.    Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or other statutory or other provisions of law.

116.    Accordingly, the Complaint should be dismissed in its entirety.

#125323212v1

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

117.    Plaintiff is not entitled to any relief against Defendant LLC (the Landlord) because Plaintiff has not suffered any harm or incurred any damages as a result of any actions by Landlord.

118.    Accordingly, the Complaint should be dismissed in its entirety.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

119.    Plaintiff lacks standing to bring some or all of the claims asserted herein and/or to obtain the relief requested and has failed to properly allege standing to assert some or all of the claims that Plaintiff has attempted to allege in the Complaint.

120.    Accordingly, the Complaint should be dismissed in its entirety.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

121.    Plaintiff is not entitled to the injunctive relief Plaintiff seeks because Plaintiff lacks standing to seek or receive such relief.

122.    Accordingly, the Complaint should be dismissed in its entirety.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

123.    Plaintiff is not entitled to the damages Plaintiff seeks or to injunctive relief because the circumstances of this case are not so extreme as to warrant damages and the grounds for injunctive relief cannot be met.

124.    Accordingly, the Complaint should be dismissed in its entirety.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

125.    Plaintiff's claims are barred because the claimed violations are de minimis and non-actionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

126.    Accordingly, the Complaint should be dismissed in its entirety.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

127.    Assuming, arguendo, that the ADA Accessibility Guidelines are deemed relevant in this case, any deviations from those guidelines are de minimis and within construction tolerances and do not materially affect the usability of the features in question.

128.    Accordingly, the Complaint should be dismissed in its entirety.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

129.    Plaintiff's claims for damages alleged in Plaintiff's Complaint are limited by Defendant's good faith reliance upon reasonable interpretations of New York State and New York City law, by local building authorities and issuance of appropriate building permits and certificates of occupancy for the facility at issue.

130.    Accordingly, the Complaint should be dismissed in its entirety.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

131.    Plaintiff's claims are barred to the extent that the barrier removal Plaintiff seeks involve features of the premises that were built before January 26, 1993 and were not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

132.    Accordingly, the Complaint should be dismissed in its entirety.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

133.    Plaintiff's claims are barred because the barrier removal Plaintiff seeks under the ADA in facilities built before January 26, 1993 is not "readily achievable," or easily accomplishable and able to be carried out without much difficulty or expense when taking into account the cost of removal, Defendant's financial resources, and the effect on the Defendant's operations.

134.    Accordingly, the Complaint should be dismissed in its entirety.

#125323212v1

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

135.    Upon information and belief, the retail store at the Premises has an ADA-compliant ramp that it brings out and uses when a person needing assistance requests it by ringing the bell at the front door to the subject premises.

136.    Accordingly, the Complaint should be dismissed in its entirety.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

137.    Plaintiff's claims are barred to the extent they rely on an alleged barrier where the extent of any alleged variance from the applicable regulations and standards does not exceed the range of allowable construction tolerance at the time of construction.

138.    Accordingly, the Complaint should be dismissed in its entirety.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

139.    The Complaint and all purported claims for relief alleged in the Complaint are barred to the extent the alleged violations of law are excused, exempted, or justified under the statutes under which Plaintiff has sued.

140.    Accordingly, the Complaint should be dismissed in its entirety.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

141.    Plaintiff failed to provide notice of any alleged violations prior to commencing this action, and Defendant did not have any actual or constructive notice regarding any accessibility issues at the subject premises.

142.    Accordingly, the Complaint should be dismissed in its entirety.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

#125323212v1

143. The removal, accommodation or alteration of the barriers identified by Plaintiff are not readily achievable, technically feasible and/or are not otherwise required. In any event, Defendant is not in possession or control of the subject premises.

144. Accordingly, the Complaint should be dismissed in its entirety.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

145. The physical items identified by Plaintiff are not architectural barriers to access, or prevent enjoyment of the goods and services of the subject premises. In any event, Defendant is not in possession or control of the subject premises.

146. Accordingly, the Complaint should be dismissed in its entirety.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

147. Defendant is not a proper party to this action to the extent that the subject premises is leased to a tenant, and the tenant is responsible for the operation and maintenance of the subject premises.

148. Accordingly, the Complaint should be dismissed in its entirety.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

149. For the reasons set forth in plaintiff's allegations in response to paragraphs 13-15 of the complaint, plaintiff is not entitled to maintain this action as a class action, and any motion by plaintiff for class action certification should be denied.

### RESERVATION OF RIGTS

150. Defendant reserves the right to assert additional defenses in this matter which may become known during discovery or otherwise.

**WHEREFORE,** Defendant 255-257 East 61st Street, LLC  demands judgment as follows:

i.       Dismissing the complaint in its entirety, and declaring that the Defendant is in full compliance with all statutes referred to in the complaint, such as the Americans With Disabilities Act, the New York State Human Rights Law, the New York State Civil Rights Law, the New York City Civil Rights Law, and the New York City Human Rights Law;

ii.       The costs and disbursements of this action, including reasonable attorneys' fees; and

iii.       Such other and further relief as is just and proper.

Dated:  New York, New York
        November 13, 2025

                                           **DILWORTH PAXSON LLP**

                              By: _____
                                    Ira N. Glauber (8383-ING)
                                    485 Lexington Ave., 14th Floor
                                    New York, New York 10017
                                    Tel: (917) 675-4252
                                    iglauber@dilworthlaw.com

                                    *Attorneys for Defendant*
                                    *255-257 East 61st Street, LLC*

16