UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD KREISLER, Individually and on Behalf of All Others Similarly Situated., <br><br> Plaintiff, <br> v. <br><br> 255-257 EAST 61ST STREET, LLC and 2ND AVE FRESH FOOD CORNER INC., <br><br> Defendants. | Case No. 1:25-CV-06238 (MKV) <br><br><br> **THIRD PARTY COMPLAINT** |
| 255-257 EAST 61ST STREET, LLC, <br><br> Defendant/Third-Party Plaintiff, <br> v. <br><br> 2ND AVE GOURMET, INC. and SADRUDDIN RAMZANALI, <br><br> Third-Party Defendants. | |

Defendant/Third-Party Plaintiff 255-257 East 61st Street, LLC ("**255 East**"), by its undersigned attorneys, Dilworth Paxson LLP, as and for its third-party complaint against Third-Party Defendants 2nd Ave Gourmet, Inc. ("**2nd Ave Gourmet**") and Sadruddin Ramzanali ("**Ramzanali**," and, with 2nd Ave Gourmet, the "**Third-Party Defendants**"), states as follows:

**INTRODUCTION**

1. On July 29, 2025, Plaintiff Todd Kreisler ("**Kreisler**") commenced this action by the filing of a complaint (the "**Complaint**") against 255 East and 2nd Ave Fresh Food Corner Inc. ("**2nd Ave Fresh**"). In the Complaint, Kreisler asserted claims against 255 East and 2nd Ave

Fresh under the Americans with Disabilities Act.[1]  A copy of Complaint is attached as **Exhibit A**.

2. On November 13, 2025, 255 East served an answer (the "**Answer**") to the Complaint and denied any liability for Kreisler's damages alleged in the Complaint. A copy of Answer is attached hereto as **Exhibit B**.

3. If Kreisler recovers judgment against 255 East, then 255 East is entitled to judgment against Third-Party Defendants, jointly and severally, for any damages awarded to Kreisler.

## JURISDICTION

4. This Court has subject matter jurisdiction over 255 East's claims under 28 §§ 1131 and 1343, as this action involves federal questions regarding the Kreisler's claims under the American with Disabilities Act, 42 U.S.C. § 12181 et seq., and 28 § 1367(a) because 255 East's claims are so related to Kreisler's claims that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

5. Venue is proper in this district under the doctrine of ancillary venue and 28 U.S.C. § 1391(b)(2) in that a substantial part of the alleged events or omissions giving rise to the claim occurred in this district.

## PARTIES

6. In the Complaint, Kreisler alleges that he is a resident of New York County, New York. Ex. A, ¶ 8.

7. 255 East is a New York state limited liability company.

---

[1] 255 East is the landlord of the subject premises.  255 East does not have any knowledge regarding 2nd Ave Fresh, which is the entity named as the other defendant in this action. The tenant in possession of the premises is 2nd Ave Gourmet, which is the party named in this third-party complaint.

#125335693v5

8. Upon information and belief, 2nd Ave Gourmet. is a New York state business corporation.

9. Upon information and belief, Ramzanali is a natural person residing in the state of New York having an address at 71 Stratford North, Roslyn Heights, New York 11577.

**STATEMENT OF FACTS**

10. 255 East denies any liability for Kreisler's alleged claims and damages in this action. *See* **Ex. B**.

11. However, if Kreisler recovers judgment against 255 East, then 255 East is entitled to judgment against 2nd Ave Gourmet and Ramzanali for any damages awarded to Kreisler, by reason of certain provisions included in the subject lease for the subject premises executed between the parties.

12. Pursuant to a written lease agreement dated July 2, 2024 (the "**Lease**"), between 255 East, as landlord, and 2nd Ave Gourmet, as tenant, 2nd Ave Gourmet leases a portion (the "**Premises**") of the building known as, and located at, 1161-1163 Second Avenue a/k/a 255-257 East 61st Street, New York, NY (the "**Premises**").

13. The Lease is executed on behalf of 2nd Ave Gourmet by Ramzanali as president.

14. Pursuant to a Guaranty of Individual (the "**Guaranty**") dated July 2, 2024, Ramzanali guaranteed 2nd Ave Gourmet's full and faithful performance of the terms and conditions of the Lease.

15. Pursuant to Article 72 of the Lease, 2nd Ave Gourmet is required to "construct a gourmet deli in compliance with all government (including city agency) laws, rule[s], ordinances and directives and in a manner consistent with the terms of this Lease, and shall make the [] Premises accessible in accordance with the Disabilities Act (as hereinafter defined)."

16. Pursuant to Article 73 of the Lease, 2nd Ave Gourmet, is solely responsible for causing the Premises to be compliant "with the provisions of the Americans with Disabilities Act of 1990 and any municipal and local laws, ordinances, and rules of like import, and any regulations adopted and amendments promulgated pursuant to any of the foregoing (hereinafter referred to collectively as the 'Disabilities Act')." Pursuant to Article 73 of the Lease, 255 East has no obligation for compliance with the Disabilities Act.

17. Pursuant to Article 73 of the Lease, 255 East has no obligation for compliance with the Disabilities Act.

18. Pursuant to Article 17 of the Lease, a default of any provision of the Lease shall be a default on the entire Lease.

19. Pursuant to Article 19 of the Lease, 2nd Ave Gourmet shall pay 255 East for 255 East's reasonable attorneys' fees and costs incurred in connection with a breach of the Lease by 2nd Ave Gourmet.

20. Article 8 of the Lease provides in relevant part that:

> Tenant shall indemnify and save harmless Owner against and from all liabilities, obligations, damages, penalties, claims, costs and expenses for which Owner shall not be reimbursed by issuance, including reasonable attorneys' fees, paid, suffered or incurred as a result of any breach by Tenant, Tenant's agent, contractors, employees, invitees, or licensees, of any covenant on condition of this lease or by the carelessness, negligence or improper conduct of the Tenant, Tenant's agents, contractors, employees, invitees or licensees. Tenant's liability under this lease extends to the acts and omissions of any subtenant, and any agent, contractor, employee, invitee or licensee of any subtenant.  In case any action or proceeding is brought against Owner by reason of any such claim, Tenant, upon written notice from Owner, will, at Tenant's expense, resist or defend such action or proceeding by counsel approved by Owner in writing, such approval not to be unreasonably withheld.

21. The Lease has been in effect since July 2, 2024 and remains in effect to date.

## AS AND FOR A FIRST CAUSE OF ACTION
### [Breach of the Lease]

22. 255 East repeats and realleges the allegations contained in paragraphs 1 through 21 as if set forth in full here.

23. In the Complaint, Kreisler alleges that the Premises are not accessible to disabled persons and are in violation of the Americans with Disabilities Act, the New York State Human Rights Law, and the New York State Civil Rights Law. **Ex. A**, ¶¶ 45-106.

24. Kreisler alleges that he sought access to the Premises but was unable to do so due to unlawful architectural barriers on the Premises. **Ex. A**, ¶¶ 37, 40, and 42.

25. 255 East denies Kreisler's alleged facts and legal theories.

26. However, if Kreisler recovers any damages against 255 East, 2nd Ave Gourmet and Ramzanali are liable for all such damages to 255 East, jointly and severally, pursuant to the Lease and the Guaranty.

27. More specifically, pursuant to the Lease, 2nd Ave Gourmet is liable to 255 East for any violations of the Americans with Disabilities Act and any municipal and local laws related to such, including, but not limited to, the New York State Human Rights Law, the New York State Civil Rights Law, and any other law cited by Kreisler pertaining to the Premises.

28. Pursuant to the Guaranty, Ramzanali is liable for 2nd Ave Gourmet's full and faithful performance of all terms and conditions of the Lease, including those terms and conditions concerning compliance with the Americans with Disabilities Act and all other applicable laws.

29. By reason of the foregoing, if 255 East is found liable for any of Kreisler's alleged claims and damages, 2nd Ave Gourmet and Ramzanali are, jointly and severally, liable to 255 East to the full extent of any such liability.

**AS AND FOR A SECOND CAUSE OF ACTION**
**[Contractual Indemnification]**

30. 255 East repeats and realleges the allegations contained in paragraphs 1 through 29 as if set forth in full here.

31. Pursuant to the express terms of the Lease, 2nd Ave Gourmet is required to comply with all laws applicable to the Premises and to indemnify 255 East.

32. Pursuant to the Guaranty, Ramzanali is liable for 2nd Ave Gourmet's full and faithful performance of all terms and conditions of the Lease.

33. By reason of the foregoing, in the event that Kreisler obtains judgment against 255 East, 255 East is entitled, pursuant to the Lease and Guaranty, to contractual indemnification by Third-Party Defendants, jointly and severally, for any such judgment or liability, including costs and attorneys' fees, that Kreisler may obtain against 255 East, if any.

**AS AND FOR A THIRD CAUSE OF ACTION**
**[Contribution and/or Indemnification]**

34. 255 East repeats and realleges the allegations contained in paragraphs 1 through 33 as if set forth in full here.

35. If Kreisler was caused to sustain the damages alleged in the Complaint (all of which is denied by 255 East), said damages will have been sustained by reason of the culpable conduct of 2nd Ave Gourmet. If 255 East is also found culpable, then 255 East will be entitled to contribution and/or indemnification in whole or in part by Third-Party Defendants, jointly and severally, for the proportion of Kreisler's damages which were caused by the culpable conduct of 2nd Ave Gourmet, together with all attorneys' fees, costs and disbursements.

#125335693v5

## AS AND FOR A FOURTH CAUSE OF ACTION
### [Contribution and/or Indemnification]

36. 255 East repeats and realleges the allegations contained in paragraphs 1 through 35 as if set forth in full here.

37. If Kreisler was caused to sustain the damage at the time and place set forth and in the manner alleged in the Complaint (all of which is denied by 255 East) through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or breaches of warranty and/or contract, other than of the Kreisler, then said damages arose out of the carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or obligations and/or contract and/or statute, in fact or implied in law, upon the part of 2nd Ave Gourmet and 255 East is entitled to indemnification and/or to be held or saved harmless from liability and/or responsibility from Third-Party Defendants, jointly and severally, in fact and/or implied in law, without any breaches or negligence of 255 East contributing thereto; and if 255 East is found negligent as to Kreisler for the damages as set forth in the Complaint, then in that event, the relative responsibility of 2nd Ave Gourmet, in fairness, must be proportioned by a separate determination, in view of the existing factual disparity, and Third-Party Defendants, jointly and severally, will be liable over to 255 East and bound to fully indemnify and/or to contribute 2nd Ave Gourmet's proportionate share/degree of responsibility and hold 255 East harmless for the full amount of any verdict or judgment that the Kreisler herein may recover against 255 East in this action, including all costs of investigation, disbursements, expenses and attorneys' fees incurred in the defense of this action and in the conduct of this claim

## AS AND FOR A FIFTH CAUSE OF ACTION
### [Attorneys' Fees and Costs]

38. 255 East repeats and realleges the allegations contained in paragraphs 1 through 37 as if set forth in full here.

39. To the extent that the Premises are in violation of the American with Disabilities Act and any local and municipal laws related to such, 2nd Ave Gourmet has breached the Lease.

40. A breach of one provision of the Lease constitutes a breach of the entire Lease by 2nd Ave Gourmet.

41. Pursuant to the Lease, 255 East is entitled to reasonable attorneys' fees and costs incurred from 2nd Ave Gourmet for a beach of the Lease.

42. Pursuant to the Guaranty, Ramzanali is liable for 2nd Ave Gourmet's full and faithful performance of all terms and conditions of the Lease and for the legal fees 255 East incurs in enforcing the Guaranty.

43. By reason of the foregoing, Third-Party Defendants are liable to 255 East, jointly and severally, for 255 East's reasonable attorneys' fees and costs incurred as a result of 2nd Ave Gourmet's breach of the Lease and in connection with 255 East enforcing the Guaranty in an amount to be determined by the court.

**WHEREFORE**, Defendant/Third-Party Plaintiff 255-257 East 61st Street, LLC respectfully requests the following relief from the Court:

    a. On the first claim for relief, judgment over and against Third-Party Defendants, jointly and severally, in the amount of any judgment which the Kreisler may obtain against 255 East;

    b. On the second claim for relief, Judgment in favor of 255 East and against Third-Party Defendants, jointly and severally, together with attorneys' fees, costs and disbursements;

    c. On the third claim for relief, Judgment in favor of 255 East and against Third-Party Defendants, jointly and severally, together with attorneys' fees, costs and disbursements;

    d. On the fourth claim for relief, Judgment in favor of 255 East and against Third-Party Defendants, jointly and severally, together with attorneys' fees, cost sand disbursements;

#125335693v5

e.  Indemnification and/or contribution, either in whole or in part, against Third-Party Defendants, jointly and severally, with judgment against Third-Party Defendants, jointly and severally, for all or part of any verdict or judgment which may be recovered herein and by any party to this action against 255 East;

f.  On the fifth claim for relief, awarding a money judgment against Third-Party Defendants, jointly and severally, and in favor of 255 East for 255 East's attorneys' fees and expenses in defending against, and prosecuting this action in an amount to be determined by this Court;

g.  The costs and disbursements incurred by 255 East in this action, including without limitation reasonable attorneys' fees; and

h.  Such other and further relief as the court deems just and proper.

Dated:  New York, New York
        November 26, 2025

DILWORTH PAXSON LLP

By: */s/ Ira N. Glauber*
    Ira N. Glauber
    485 Lexington Avenue, 14th Floor
    New York, NY 10017
    Tel: (917) 675-4252
    iglauber@dilworthlaw.com
    Attorney for Defendant/Third-Party Plaintiff 255-57 East 61st Street, LLC