

Dilworth
Paxson LLP

DIRECT DIAL NUMBER:                                                                    Ira N. Glauber
(917) 675-4252                                                           iglauber@dilworthlaw.com

March 24, 2026

**VIA PACER/ECF**
Hon. Mary Kay Vyskocil
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    **RE:**    **Todd Kreisler v. 255-257 East 61st Street, LLC, et al.,**
               **Docket No. 1:25-cv-06238-MKV**

Dear Judge Vyskocil:

I am counsel for Defendant/Third-Party Plaintiff 255-257 East 61st Street, LLC ("255 East") in the above-captioned proceeding. I am writing in response to the Court's Order to Show Cause Dated March 16, 2026. [ECF Doc. No. 30].

As Your Honor is aware, on November 26, 2025, 255 East filed a third-party complaint (the "Third-Party Complaint") against third-party defendants 2nd Ave. Gourmet, Inc. ("2nd Ave") and Salruddin Ramzanali ("Mr. Ramzanali" and, with 2nd Ave, the "Third-Party Defendants"). [ECF Doc. # 20]. The Third-Party Defendants were served on December 12, 2025. [ECF Docs. No. 27, 28]. Accordingly, the time for the Third-Party Defendants to respond to the Third-Party Complaint was December 29, 2025. To date, the Third-Party Defendants have not answered or responded to the Third-Party Complaint, nor have the Third-Party Defendants moved for an extension of time to answer or respond to the Third-Party Complaint.

On March 24, 2026, pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55.1, I filed a Request for a Clerk's Certificate of Default against the Third-Party Defendants. [ECF No. 34, 35]. On March 24, 2024, the Clerk issued the Certificate of Default. [ECF No. 36]. Pursuant to Your Honor's Individual Rules of Practice in Civil Cases, I will prepare a motion for default judgment in accordance with Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.1 and 55.2.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court has the inherent power to dismiss a case for a Plaintiff's failure to prosecute. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980). Dismissal pursuant to Rule 41 is the harshest of sanctions and is

485 Lexington Avenue, 14th Floor • New York, NY 10017 • 917-675-4250 • Fax: 717-828-7909
Pennsylvania • New Jersey • New York • Delaware
www.dilworthlaw.com

#125516429v1

Page 2
Hon. Mary Kay Vyskocil

probably used only in extreme situations. *See Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 357 (2d Cir. 2020). To determine whether to dismiss a case pursuant to Rule 41, courts consider the following factors: (1) the duration of a party's failure to comply with the court order; (2) whether a party was on notice that failure to comply would result in dismissal; (3) whether any party is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with a party's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

Here, 255 East respectfully submits that dismissal for failure to prosecute the Third-Party Complaint under Rule 41(b) is unwarranted under the circumstances. 255 East has timely complied with the Court's March 16, 2026 Order and will continue to diligently pursue the Third-Party Complaint against the Third-Party Defendants. 255 East was only put on notice regarding the potential for dismissal on March 16, 2026. No party is likely to be prejudiced by a further delay in the proceedings. Counsel for Plaintiff has not communicated with me regarding any delay in this action. Further, should default be entered against Third-Party Defendants, Plaintiff will have a judgment against the Third-Party Defendants upon which he can seek satisfaction of the claims raised in the complaint. Finally, dismissal here would be especially prejudicial to 255 East because, pursuant to the Lease with 2nd Ave. and Guaranty with Mr. Ramzanali, 255 East bears no responsibility for Plaintiff's alleged harm. [ECF Doc. No. 20, ¶¶ 10-21].

For these reasons, I respectfully request that Your Honor refrain from dismissing the Third-Party Complaint pursuant to Federal Rule of Civil Procedure 41(b) and allow 255 East to prosecute its claims against the Third-Party Defendants.

Respectfully submitted,

Ira N. Glauber

#125516429v1