Law Offices of
# JAMES E. BAHAMONDE, P.C.

2501 Jody Court
Bellmore, NY 11710
Long Island Tel. (516) 783-9662
New York City Tel. (646) 290-8258
Fax No. (646) 435-4376

April 9, 2026

**BY ECF**

Hon. Mary Kay Vyskocil
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007-1312

> **Re.     Kreisler v. 255-257 East 61st Street, LLC, et al., 25cv6238 (MKV)(SN)**

Dear Judge Vyskocil:

We represent the Plaintiff and the Defendant/Third-Party Plaintiff 255-57 East 61st Street, LLC  ("255 East" and, with Plaintiff, the "Parties") in the above-referenced action.  On behalf of the Parties, we respectfully submit this joint status letter pursuant to the Notice of Initial Pretrial Conference dated February 3, 2026. (Dkt. Doc.#29).

**1.      A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case:**

Plaintiff's Position

Plaintiff filed this putative class action seeking redress for Defendants decades long disability discrimination in violation of the Title III of the Americans with Disabilities Act, New York State Human Rights Law, and New York City [Administrative Code] Human Rights Law. Presently, Plaintiff has direct evidence of defendants' unlawful discrimination and architectural barriers.

To resolve this action, it is necessary to identify each architectural barrier and determine the necessary remedies and alterations. Plaintiff will seek discovery related to Defendants' financial condition and analyze what type of impact the necessary remedies and alterations will have on its business. In addition, we need to determine what type of monetary damages would fairly compensate Plaintiff, as well as reasonable attorney's fees and costs.

#125566086v1

**Law Offices of**
**James E. Bahamonde, P.C.**

April 9, 2026
Page   - 2 -

If Defendants are unable to promptly remove the existing architectural barriers, Plaintiff will seek a court order settlement agreement.

Defendant 255 East's Position

255 East opposes Plaintiff's action on several grounds.

First, as detailed in the Third-Party Complaint, 255 East is not the party liable for Plaintiff's alleged harm.  255 East has claims against the Third-Party Defendants on the basis of breach of contract, indemnification, and contribution.  255 East will soon file a motion seeking a default judgment against the Third-Party Defendants for their failure to respond to the Third-Party Complaint.

Second, Plaintiff's action is not properly maintained as a class action because Plaintiff cannot satisfy the requirements for maintaining a class action under Federal Rule of Civil Procedure 23.  255 East intends to file a motion opposing Plaintiff's class action certification.

Third, 255 East denies the facts as alleged in the Complaint, including, but not limited to, any alleged harm suffered by the Plaintiff.

Finally, 255 East is investigating, what, if anything, needs to be done to remediate the premises to comply with the American with Disabilities Act, New York State Human Rights Law, and New York City Human Rights Law.

**2.    A brief statement by Plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In  cases invoking  the  Court's  diversity jurisdiction, the parties should state both the place of incorporation and the principal place of business of any party that is a corporation, and the citizenship of all members, shareholders, partners, and/or trustees of any party that is a partnership, limited partnership, limited liability company, or trust.**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the claims in this case arises under the Americans with Disabilities Act, 42 U.S.C. § 12117.  The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Americans with Disabilities Act.  The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state and local law violations pursuant to 28 U.S.C. § 1367(a).

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in New York County.

Additionally, the Proposed Case Management Plan and Scheduling Order submitted contemporaneously with this letter denotes in Paragraph 2 that the case is to be tried to a jury.

#125566086v1

**Law Offices of**
**James E. Bahamonde, P.C.**

April 9, 2026
Page   - 3 -

However, 255 East believes that certain claims in this case must be decided in a bench trial as opposed to a jury trial.  Specifically, in the Complaint, Plaintiff seeks a permanent injunction and a declaratory judgment, which are equitable forms of relief that are properly decided by a judge rather than a jury.

**3a. A statement of procedural posture, including any  (i) motions  that have  been  made and  decided, (ii) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (iii) pending motions and  (iv) other  applications  that  are  expected  to  be  made  at  the  conference.**

Plaintiff brings this suit as a class action for all those similarly situated, who, as persons who must use a wheelchair by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendant, are protected by, and are beneficiaries of the ADA, New York State law and New York City Administrative Code. Consequently, Plaintiff may seek class certification. However, at this time, class classification may be unnecessary.

Defendant 255 East's Position

255 East will oppose any attempt by Plaintiff to certify this action as a class action. Plaintiff cannot satisfy the requirements for maintaining a class action under Federal Rule of Civil Procedure 23, including: the prerequisites of Federal Rule of Civil Procedure 23(a), including numerosity, commonality, typicality, and adequacy of representation; the requirements of Federal Rule of Civil Procedure 23(b), including predominance, superiority, cohesiveness, and manageability; the requirement for any purported class to be ascertainable, properly defined, and capable of identification by objective criteria; and Plaintiff's lack of standing to represent any persons other than himself.

255 East will oppose any motion by Plaintiff seeking class certification.

**3b. A brief description of any discovery that has already taken place, and a brief description of any discovery that the parties intend to take in the future.**

No discovery has yet taken place other than production of the Parties' Rule 26 disclosure.

Pursuant to the Federal Rules of Evidence, Rules 602 and 701, Plaintiff intends to present direct evidence demonstrating Defendants disability discrimination and unlawful architectural barriers in violation of federal, state, and local laws. In addition, pursuant to 803 and 806, Plaintiff intends to attack defendant's credibility related to its compliance with federal, state, and local laws.

In Discovery, Plaintiff will request production of the proprietary lease, records establishing Defendant's financial condition, Defendant's response to this and other related lawsuits, identification of accessibility alterations made since 1993, the impact the proposed

#125566086v1

**Law Offices of**
**James E. Bahamonde, P.C.**

April 9, 2026
Page    - 4 -

remedies and alterations will have on Defendant's business, and identification of what Defendant has done to comply with the ADA, New York State Human Rights Law, and NYC Human Rights Law since 1993.  255 East will request production of evidence refuting Plaintiff's claims, including, but not limited to, records establishing Plaintiff's alleged harm and Plaintiff's medical records regarding his disability.

At this time, the Parties have not yet decided whether expert evidence will be necessary.

**3c. A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

In February 2026, Plaintiff served Defendant 255-257 East 61st Street, LLC with a formal settlement demand. Defendant has not responded to Plaintiff's settlement demand.

**4. Any other information the parties believe may assist the Court in resolving the action.**

None.

Thank you for Your Honor's attention and consideration of this matter. Should you have any questions, please do not hesitate to contact us.

Respectfully submitted,

/s/ James E. Bahamonde

James E. Bahamonde, Esq.
Attorney for Plaintiff

and


*/s/ Ira N. Glauber*
Ira N. Glauber (8383)
Attorney for Defendant/Third-Party Plaintiff 255-257 East 61st Street, LLC


cc: (via ECF)

#125566086v1