**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TODD KREISLER, Individually and on Behalf of All Others Similarly Situated., <br><br> Plaintiff, <br><br> v. <br><br> 255-257 EAST 61ST STREET, LLC and 2ND AVE FRESH FOOD CORNER INC., <br><br> Defendants. <br><br>──────── <br><br> 255-257 EAST 61ST STREET, LLC, <br><br> Defendant/Third-Party <br> Plaintiff, <br><br> v. <br><br> 2ND AVE GOURMET, INC. and SADRUDDIN RAMZANALI, <br><br> Third-Party Defendants. | Case No. 1:25-CV-06238 (MKV) <br><br><br> **255-57 EAST 61 STREET, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A DEFAULT JUDGMENT AGAINST 2ND AVE GOURMET, INC. AND <u>SADRUDDIN RAMZANALI</u>** |

**<u>STATEMENT OF FACTS</u>**

The facts relevant to this Memorandum of Law in support of the Motion for Default Judgment are outlined in the Affidavit of David Malanga, dated April 14, 2026 ("**Malanga Affidavit**"), and the Declaration of Ira N. Glauber, dated April 14, 2026, filed contemporaneously herewith.

**<u>ARGUMENT</u>**

**I.  ENTRY OF A DEFAULT JUDGMENT AGAINST THE THIRD-PARTY DEFENDANTS IS APPROPRIATE**

**A.  Applicable Standard**

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hem a party against whom a default for affirmative relief is sought has failed to plead or otherwise defend…, the clerk must

#125538230v1

enter the party's default.  Fed. R. Civ. Pro. 55(a).  Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the party seeking default is required to present its application for entry of judgment to the Court.  Fed. R. Civ. Pro. 55(b)(2).  Notice of the application seeking entry of a default judgment must be sent to the defaulting party so they have an opportunity to show cause why the court should note enter a default judgment.  *Id.*

Upon satisfaction of the Federal Rules of Civil Procedure requirements, whether to grant a motion for a default judgment is left to the discretion of the district court.  *Robertson v. Doe*, No. 05 Civ. 7046, 2008 WL 2519894 at *3 (S.D.N.Y. June 19, 2008).  In deciding a motion for default judgment, the Court must consider the *Enron* factors: (1) whether the defaulting party's default was willful; (2) whether the defaulting party has a meritorious defense; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment.  *CIT Bank, N.A. v. Min*, No. 14 Civ. 6793, 2019 WL 13219377 at *2 (S.D.N.Y. July 3, 2019).

A defaulting party's non-appearance, failure to respond to the complaint, and failure to respond to the motion for default indicate willful conduct.  *Id.*  The Court is entitled to assume there is no meritorious defense to the non-defaulting party's claims if the defaulting party has failed to file an answer or otherwise present any defense.  *Varghese v. Plecosystems Inc.*, No. 1:23-cv-03830, 2025 WL 2318593 at *2 (S.D.N.Y. Aug. 12, 2025).  Further, the movant's properly pleaded allegations regarding the defaulting party are accepted as true.  *Finel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  Denying a motion for default would be prejudicial to the movant where there are no additional steps available to the movant to secure relief.  *Id.*

**B.  The Third-Party Defendants Were Properly Served but Failed to Answer or Otherwise Defend the Allegations in the Third-Party Complaint.**

Plaintiff Todd Kreisler commenced this action by way of Complaint against 255-57 East 61st Street, LLC ("**255 East**") on July 29, 2025 (the "**Complaint**").  [ECF Doc. # 1].  Plaintiff

2

alleges that 1161-1163 Second Avenue a/k/a 255-57 East 61st Street, New York, New York (the "**Premises**") lacks accommodations necessary to make the Premises available to Plaintiff and others similarly situated to him in violation of the American with Disabilities Act, New York State Human Rights Law, and New York State Civil Rights Law (collectively, the "**Disabilities Acts**"). [ECF Doc. # 1, ¶¶ 31-44].  Plaintiff named 255 East and 2nd Ave Fresh Food Corner Inc., an entity which does not exist, as defendants.  [ECF Doc. # 1, ¶¶ 9-12].

On November 26, 2025, 255 East filed a Third-Party Complaint (the "**Third-Party Complaint**") against 2nd Ave Gourmet, Inc. ("**2nd Ave**"), a New York limited liability company, and Sadruddin Ramzanali ("**Mr. Ramzanali**" and, with 2nd Ave, the "**Third-Party Defendants**"), a natural person residing in the state of New York.  [ECF Doc. # 20].  On or about July 2, 2024, 255 East, as landlord, and 2nd Ave, as tenant, entered into a written agreement (the "**Lease**") by which 2nd Ave leases a portion of the Premises.  *See* Malanga Aff., ¶ 7.  The Lease was executed on behalf of 2nd Ave by Sikandar Charania, 2nd Ave's president.  *See id.*  On or about July 2, 2024, Mr. Ramzanli executed a Guaranty of Individual (the "**Guaranty**") by which Mr. Ramzanali guaranteed 2nd Ave's full and faithful performance of the terms and conditions of the Lease.  *See id.* at ¶ 8.

Pursuant to Article 72 of the Lease, 2nd Ave is required to "construct a gourmet deli in compliance with all government (including city agency) laws, rule[s], ordinances and directives and in a manner consistent with the terms of this Lease, and shall make the [] Premises accessible in accordance with the Disabilities Act (as hereinafter defined)." *See id.* at ¶ 10.  Pursuant to Article 73 of the Lease, 2nd Ave, is solely responsible for causing the Premises to be compliant "with the provisions of the Americans with Disabilities Act of 1990 and any municipal and local laws, ordinances, and rules of like import, and any regulations adopted and amendments promulgated pursuant to any of the foregoing (hereinafter referred to collectively as the

'Disabilities Act')." *See id.* at ¶ 11. Pursuant to Article 73 of the Lease, 255 East has no obligation for compliance with the Disabilities Act. *See id.* at ¶ 12.

Pursuant to Article 17 of the Lease, a default of any provision of the Lease shall be a default on the entire Lease. *See id.* at ¶ 13. Pursuant to Article 19 of the Lease, 2nd Ave Gourmet shall pay 255 East for 255 East's reasonable attorneys' fees and costs incurred in connection with a breach of the Lease by 2nd Ave. *See id.* at ¶ 14. Article 8 of the Lease provides in relevant part that:

> Tenant shall indemnify and save harmless Owner against and from all liabilities, obligations, damages, penalties, claims, costs and expenses for which Owner shall not be reimbursed by issuance, including reasonable attorneys' fees, paid, suffered or incurred as a result of any breach by Tenant, Tenant's agent, contractors, employees, invitees, or licensees, of any covenant on condition of this lease or by the carelessness, negligence or improper conduct of the Tenant, Tenant's agents, contractors, employees, invitees or licensees. Tenant's liability under this lease extends to the acts and omissions of any subtenant, and any agent, contractor, employee, invitee or licensee of any subtenant. In case any action or proceeding is brought against Owner by reason of any such claim, Tenant, upon written notice from Owner, will, at Tenant's expense, resist or defend such action or proceeding by counsel approved by Owner in writing, such approval not to be unreasonably withheld.

*See id.* at ¶ 15.

In accordance with Federal Rule of Civil Procedure 4, 255 East properly served the Third-Party Defendants with the Third-Party Complaint. On December 8, 2025, 2nd Ave was served by personal service on Keyonn Everett, who identified himself as a person authorized to accept service on behalf of Third-Party Defendant 2nd. Ave Gourmet. Proof of service of Third-Party Defendant 2nd Ave Gourmet, Inc. was filed on December 12, 2025. [ECF Doc. # 27]. On December 8, 2025, Mr. Ramzanali was served via personal service on Zajn Jawani, grandson of Mr. Ramzanali and a person of suitable age and discretion at the address of Mr. Ramzanali. Proof of service of Third-Party Defendant Sadruddin Ramzanali was filed on December 12, 2025. [ECF

4

Doc. # 28].  The time for the Third-Party Defendants to answer or otherwise move with regard to the Third-Party Complaint herein has expired, and the time for Third-Party Defendants to otherwise move has not been extended.

On March 24, 2026, 255 East filed a Request for Clerk's Certificate of Default with the Court, which was served on Third-Party Defendants via first class mail on March 24, 2026.  [ECF Doc. # 35].  On March 24, 2026, the Clerk of the United States District Court for the Southern District of New York filed the Clerk's Certificate of Default as to Third-Party Defendants.  255 East served the Third-Party Defendants with the Request for Clerk's Certificate of Default and the Certificate of Default via first-class mail on the last known addresses of the Third-Party Defendants.

255 East respectfully requests the Court enter a default judgment against Third-Party Defendants.  The Third-Party Defendants' failure to appear in this action, respond to the Third-Party Complaint, or respond to Request for Default indicate willful conduct supporting a default judgment.  *CIT Bank, N.A.*, 2019 WL 13219377 at *2.

The well-pleaded allegations of the Third-Party Complaint are accepted as true.  *Finel*, 577 F.3d at 84.  Accordingly, the Court should accept the following alleged facts as true: the Lease provides that 2nd Ave is solely responsible for causing the Premises to be compliant with the Disabilities Acts; 255 East has no obligation for compliance with the Disabilities Acts; 2nd Ave's alleged failure to be compliant with the Disabilities Acts constitutes a breach of the Lease; 2nd Ave shall pay 255 East's reasonable attorney's fees and costs incurred in connection with a breach of the Lease; and, pursuant to the Guaranty, Mr. Ramzanali is liable for 2nd Ave's failure to fully and faithfully perform the terms and conditions of the Lease.  [ECF Doc. # 20, ¶¶ 12-21].  Further, the Court is entitled to assume the Third-Party Defendants have no meritorious defense to 255

East's claims because of the Third-Party Defendants' failure to file an answer to the Third-Party Complaint or otherwise present any defense. *Varghese*, 2025 WL 2318593 at *2.

While 255 East denies any liability for Plaintiff's alleged claims and damages in this action, should Plaintiff recover judgment in this action, the Third-Party Defendants are fully liable for any award pursuant to the Guaranty and Lease. Further, 255 East has incurred costs in defending this action and seeks to avoid spending further costs when it is not liable for Plaintiff's alleged harm. Denying the Motion would be prejudicial to 255 East because 255 East has no additional steps available to secure relief. *Varghese*, 2025 WL 2318593 at *2.

A defaulting party's non-appearance, failure to respond to the complaint, and failure to respond to the motion for default indicate willful conduct. *Id.* The Court is entitled to assume there is no meritorious defense to the non-defaulting party's claims if the defaulting party has failed to file an answer or otherwise present any defense. *Varghese v. Plecosystems Inc.*, No. 1:23-cv-03830, 2025 WL 2318593 at *2 (S.D.N.Y. Aug. 12, 2025). Further, the movant's properly pleaded allegations regarding the defaulting party are accepted as true. *Finel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Denying a motion for default would be prejudicial to the movant where there are no additional steps available to the movant to secure relief. *Id.*

As of April 14, 2026, 255 East has accrued $14,926.28 in attorney's fees for which the Third-Party Defendants are liable. *See* Malanga Aff., ₧ 17; Glauber Decl., ₧₧ 14-18. Further, 255 East requests this Court hold the Third-Party Defendants liable for any harm which Plaintiff demonstrates he suffered in this action on the basis of breach of contract, contractual indemnification, contribution and/or indemnification, and contribution and/or indemnification.

6

**CONCLUSION**

Therefore, Plaintiff respectfully requests that this Court enter a judgment against Third-Party Defendants pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure in the amount of $14,926.28 in attorney's fees as of April 14, 2026, holding Third-Party Defendants liable for Plaintiff's alleged harm, and such other and further relief as just and proper.

Dated: New York, New York
         April 15, 2026

**Dilworth Paxson LLP**

By:   /s/ Ira N. Glauber
       Ira N. Glauber
       485 Lexington Avenue, 14th Floor
       New York, New York 10017
       Tel: (917) 675-4250
       iglauber@dilworthlaw.com
       ***Attorneys for Defendant/Third-Party Plaintiff***

7

#125538230v1

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send a notice of electronic filing to all counsel of record. I further certify that a copy of the foregoing was served, via certified mail and regular U.S. Mail, on April 15, 2026 upon the following:

2nd Ave Gourmet Inc.
1161 Second Avene
New York, New York 10065

AND

Sadruddin Ramzanali
71 Stratford North,
Roslyn Heights, New York 11577

Dated: New York, New York
       April 15, 2026

**Dilworth Paxson LLP**

By:  /s/ Ira N. Glauber
     Ira N. Glauber
     485 Lexington Avenue, 14th Floor
     New York, New York 10017
     Tel: (917) 675-4250
     iglauber@dilworthlaw.com
     ***Attorneys for Defendant/Third-Party Plaintiff***

8

#125538230v1