**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TODD KREISLER, Individually and on Behalf of All Others Similarly Situated.,

           Plaintiff,

v.

255-257 EAST 61ST STREET, LLC and 2ND AVE FRESH FOOD CORNER INC.,

           Defendants.

---

255-257 EAST 61ST STREET, LLC,

           Defendant/Third-Party
                Plaintiff,

v.

2ND AVE GOURMET, INC. and SADRUDDIN RAMZANALI,

           Third-Party Defendants.

Case No. 1:25-CV-06238 (MKV)

**AFFIDAVIT OF**
**DAVID MALANGA**
**IN SUPPORT OF 255-257 EAST**
**61ST STREET, LLC'S MOTION**
**FOR A DEFAULT JUDGMENT**

STATE OF NEW YORK   )
                   )   ss.:
COUNTY OF NEW YORK  )

       **DAVID MALANGA,** being duly sworn, deposes and says:

       1.    I am employed by Solil Management LLC ("**Solil**") as the Director of Construction and Commercial Property Management for various properties and buildings.  Solil is the managing agent of the building (the "**Building**") located at 1161-1163 Second Avenue a/k/a 255-57 East 61st Street, New York, New York.

       2.    As part of my duties for Solil, I am responsible for overseeing the management of both commercial and residential properties, including the Building owned by Defendant/Third-Party Plaintiff 255-257 East 61st Street, LLC ("**255 East**").

#125536506v2

3.      As such, I am fully familiar with, and have personal knowledge of the facts and circumstances set forth herein.

4.      I submit this Affidavit in support of 255 East's Motion for a Default Judgment against Third-Party Defendants 2nd Ave Gourmet, Inc. ("**2nd Ave Gourmet**") and Sadruddin Ramzanali ("**Mr. Ramzanali**"; 2nd Ave Gourmet and Mr. Ramzanali are collectively referred to as the "**Third-Party Defendants**").

5.      I have personal knowledge of the records maintained by 255 East in connection with the Third-Party Defendants' obligations to 255 East. I have reviewed 255 East's books and records with respect thereto.

6.      The information in this affidavit was obtained from 255 East's books and records, which were made at or near the time of the events that occurred, and which were kept in the ordinary course of 255 East's business. It is 255 East's regular practice to maintain such records.

7.      On or about July 2, 2024, 255 East, as landlord, and 2nd Ave Gourmet, as tenant, entered into a written lease agreement (the "**Lease**") by which 2nd Ave Gourmet leases a portion (the "**Premises**") of the Building. The Lease was executed on behalf of 2nd Ave Gourmet by Sikandar Charania, 2nd Ave Gourmet's president.

8.      On or about July 2, 2024, Mr. Ramzanli executed a Guaranty of Individual (the "**Guaranty**") by which Mr. Ramzanali guaranteed 2nd Ave Gourmet's full and faithful performance of the terms and conditions of the Lease.

9.      Article 6 of the Lease provides in relevant as follows:

> Tenant, at Tenant's sole cost and expense, shall promptly comply with all present and future laws, orders and regulations of all state, federal, municipal and local governments, departments, commissions and boards and any direction of any public officer pursuant to law, and all orders, rules and regulations of the New York Board of Fire Underwriters or the Insurance Services Office,

2

#125536506v2

or any similar body which shall impose any violations, order or duty upon Owner or Tenant with respect to the demised premises, and with respect to the portion of the sidewalk adjacent to the demised premises, if the demised premises are on the street level, whether or not arising out of Tenant's use or manner of use thereof, or with respect to the building, if arising out of Tenant's use or manner of use of the demised premises or the building (including the use permitted under the lease)... Tenant shall not do or permit any act or thing to be done in or to the demised premises which is contrary to law, or which will invalidate or be in conflict with public liability, fire or other policies of insurance at any time carried by or for the benefit of Owner, or which shall or might subject Owner to any liability or responsibility to any person, or for property damage. Tenant shall pay all costs, expenses, fines, penalties or damages, which may be imposed upon Owner by reason of Tenant's failure to comply with the provisions of this article....

10.    Pursuant to Article 72 of the Lease, 2nd Ave Gourmet is required to "construct a gourmet deli in compliance with all government (including city agency) laws, rule[s], ordinances and directives and in a manner consistent with the terms of this Lease, and shall make the [] Premises accessible in accordance with the Disabilities Act (as hereinafter defined)."

11.    Pursuant to Article 73 of the Lease, 2nd Ave Gourmet, is solely responsible for causing the Premises to be compliant "with the provisions of the Americans with Disabilities Act of 1990 and any municipal and local laws, ordinances, and rules of like import, and any regulations adopted and amendments promulgated pursuant to any of the foregoing (hereinafter referred to collectively as the 'Disabilities Act')."

12.    Pursuant to Article 73 of the Lease, 255 East has no obligation for compliance with the Disabilities Act.

13.    Pursuant to Article 17 of the Lease, a default of any provision of the Lease shall be a default on the entire Lease.

#125536506v2

14.     Pursuant to Article 19 of the Lease, 2nd Ave Gourmet shall pay 255 East for 255 East's reasonable attorneys' fees and costs incurred in connection with a breach of the Lease by 2nd Ave Gourmet.

15.     Article 8 of the Lease provides in relevant part that

Tenant shall indemnify and save harmless Owner against and from all liabilities, obligations, damages, penalties, claims, costs and expenses for which Owner shall not be reimbursed by issuance, including reasonable attorneys' fees, paid, suffered or incurred as a result of any breach by Tenant, Tenant's agent, contractors, employees, invitees, or licensees, of any covenant on condition of this lease or by the carelessness, negligence or improper conduct of the Tenant, Tenant's agents, contractors, employees, invitees or licensees. Tenant's liability under this lease extends to the acts and omissions of any subtenant, and any agent, contractor, employee, invitee or licensee of any subtenant.  In case any action or proceeding is brought against Owner by reason of any such claim, Tenant, upon written notice from Owner, will, at Tenant's expense, resist or defend such action or proceeding by counsel approved by Owner in writing, such approval not to be unreasonably withheld.

16.     The Lease has been in effect since July 2, 2024 and remains in effect to date.

17.     As of April 14, 2026, 255 East's attorney's fees and costs are $14,926.28.  No part of these attorney's fees has been paid by 2nd Ave Gourmet or Mr. Ramzanali.

4

#125536506v2

**WHEREFORE**, it is respectfully requested that this Court grant 255 East's motion in its entirety, together with such other and further relief as this Court may deem just and proper.

_____
**DAVID MALANGA**

Sworn to me to before me this
14th day of April, 2026

_____
Notary Public

BENISON DEFUNIS
Notary Public, State of New York
No. 02DE6164203
Qualified in Bronx County
Commission Expires Aug. 18, 20__

#125536506v2