**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TODD KREISLER, Individually and on Behalf of All Others Similarly Situated., <br><br> Plaintiff, <br><br> v. <br><br> 255-257 EAST 61ST STREET, LLC and 2ND AVE FRESH FOOD CORNER INC., <br><br> Defendants. | Case No. 1:25-CV-06238 (MKV) <br><br><br><br> **DECLARATION OF IRA N. GLAUBER IN SUPPORT OF 255-257 EAST 61ST STREET, LLC'S MOTION FOR <u>DEFAULT JUDGMENT</u>** |
| 255-257 EAST 61ST STREET, LLC, <br><br> Defendant/Third-Party Plaintiff, <br><br> v. <br><br> 2ND AVE GOURMET, INC. and SADRUDDIN RAMZANALI, <br><br> Third-Party Defendants. | |

I, Ira N. Glauber, hereby affirm and states as follows:

1. I am an attorney duly admitted to practice in the State of New York and this Court and act as counsel to Defendant/Third-Party Plaintiff 255-257 East 61st Street, LLC ("**255 East**"). As such, I am fully familiar with the facts and circumstances relevant to this action and have knowledge of all the matters contained herein.

2. I submit this Affidavit pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure in support of the Defendant/Third Plaintiff's Motion for Default Judgment against

Third-Party Defendants 2nd Ave Gourmet Inc. ("**2nd Ave**") and Salruddin Ramzanali ("**Mr. Ramzanali**" and, with 2nd Ave, the "**Third-Party Defendants**").

3.     Plaintiff Todd Kreisler commenced this action by way of Complaint against 255 East on July 29, 2025 (the "**Complaint**").  [ECF Doc. # 1].  The Complaint is annexed herewith as Exhibit 1.

1.     On November 26, 2025, 25 East filed a Third-Party Complaint against the Third-Party Defendants (the "**Third-Party Complaint**").  [ECF Doc. # 20].  A copy of the Third-Party Complaint is annexed herewith as Exhibit 2.

2.     On December 8, 2025, 2nd Ave was served by personal service on Keyonn Everett, who identified himself as a person authorized to accept service on behalf of Third-Party Defendant 2nd. Ave Gourmet.  Proof of service of Third-Party Defendant 2nd Ave Gourmet, Inc. was filed on December 12, 2025 (the "**Second Ave Proof of Service**").  [ECF Doc. # 27].  A copy of the Second Ave Proof of Service is annexed herewith as Exhibit 3.

3.     On December 8, 2025, Mr. Ramzanali was served via personal service on Zajn Jawani, grandson of Mr. Ramzanali and a person of suitable age and discretion at the address of Mr. Ramzanali.  Proof of service of Third-Party Defendant Sadruddin Ramzanali was filed on December 12, 2025 (the "**Ramzanali Proof of Service**").  [ECF Doc. # 28].  A copy of the Ramzanali Proof of Service is annexed herewith as Exhibit 4.

4.     The time for the Third-Party Defendants to answer or otherwise move with regard to the Third-Party Complaint herein has expired, and the time for Third-Party Defendants to otherwise move has not been extended.

5.     Mr. Ramzanali is not an infant or incompetent.

#125534952v2

6.      On March 19, 2026, I caused a Status Report Pursuant to Servicemembers Civil Relief Act of Mr. Ramzanali (the "**Ramzanali SCRA**") to be conducted.  The Ramzanali SCRA shows that Mr. Ramzanali is not in military service.  A copy of the Ramzanali SCRA is annexed herewith as Exhibit 5.

7.      On March 24, 2026, 255 East filed a Request for Clerk's Certificate of Default with the Court, which was served on Third-Party Defendants via first class mail on March 24, 2026. [ECF Doc. # 35].

8.      On March 24, 2026, the Clerk of the United States District Court for the Southern District of New York filed the Clerk's Certificate of Default as to Third-Party Defendants (the "**Certificate of Default**").  [ECF Doc. # 36].  A copy of the Certificate of Default is annexed herewith as Exhibit 6.

9.      This Court has subject matter jurisdiction over Plaintiff's first cause of action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff alleged violations of the American with Disabilities Act.[1]  [ECF Doc. #1, ¶¶ 45-71].  A true and correct copy of the Complaint is annexed herewith as Exhibit 6.

10.     This Court has supplemental subject matter jurisdiction over the remainder of Plaintiff's causes of action pursuant to 28 U.S.C. § 1367(a) because Plaintiff's state law claims are so related to his ADA claim in that the claims are formed by the same alleged misconduct of the Third-Party Defendants.[2]  [ECF Doc. #1, ¶¶ 72-106].

---

[1] 255 East reserves the right to challenge Plaintiff's subject matter jurisdiction should the Motion be denied or if 255 East must litigate Plaintiff's claims for any other reason.

[2] 255 East reserves the right to challenge Plaintiff's subject matter jurisdiction should the Motion be denied or if 255 East must litigate Plaintiff's claims for any other reason.

11.     This Court has personal jurisdiction over 2nd Ave, as 2nd Ave is a business incorporated in the State of New York with its principal place of business being in the State of New York.  *See Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014) (recognizing that, except in exceptional cases, a corporate defendant is subject to a state's general personal jurisdiction where it is incorporated or maintains its principal place of business).

12.     This Court has personal jurisdiction over Mr. Ramzanali, as Mr. Ramzanali is a resident of the State of New York.  *See Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 592 U.S. 351, 358-59 (2021) ("In what we have called the 'paradigm' case, an individual is subject to general jurisdiction in her place of domicile.").

13.      255 East is seeking a default as to fewer than all defendants in this action, as 255 East is itself a defendant.  The Court may appropriately order a default judgment as to the Third-Party Defendants because 255 East has asserted claims against the Third-Party Defendants which make the Third-Party Defendants wholly liable for any alleged damage of Plaintiff.  Accordingly, entering a default judgment against Third-Party Defendants provides an avenue of recovery for Plaintiff against the Third-Party Defendants, who are truly responsible for Plaintiff's alleged harm.

14.     255 East requests attorney's fees of $14,926.28, as 255 East is entitled to attorney's fees pursuant to the lease entered into between 255 East and 2nd Ave.  *See* Aff. of David Malanga, ⁋ 14].

15.     The following chart details the attorneys and professionals whose fees make up the requested attorney's fees, their hourly rates, the amount of hours each attorney and professional spent on this matter, and the total fees attributable to each attorney and professional.

| Attorney/Professional | Hourly Rate | Amount of Hours Worked on Matter | Fees |
|---|---|---|---|
| Ira N. Glauber | $475 | 17.2 | $8,170.00 |

#125534952v2

| Jack M. Small | $400 | 10.6 | $4,240.00 |
| Miriam L. Dolan | $200 | 11.2 | $2,240.00 |

16.    A true and correct copy of the invoices (the "**Invoices**") that were issued to Solil Management, the managing member of 255 East, are attached hereto as **Exhibit 1**.  The Invoices include a description of the services rendered on behalf of 255 East.  The Invoices have been redacted to protect privilege and attorney-client confidentiality.

17.    Additionally, my law firm incurred $276.28 in expenses, which were paid by Solil Management on behalf of 255 East, for the summons issued to 2nd Ave and Mr. Ramzanali.

18.    The attorney's fees and expenses altogether total $14,926.28.

19.    Additionally, 255 East is seeking a default judgment against the Third-Party Defendants as to the liability for Plaintiff's claims on the basis of breach of contract, contractual indemnification, contribution and/or indemnification, and contribution and/or indemnification.

I declare under penalty of perjury that the foregoing is true and correct.

Ira N. Glauber

Dated: April 14, 2026

#125534952v2