**LAW OFFICES OF JAMES E. BAHAMONDE, P.C.**

2501 Jody Court
North Bellmore, New York 11710
Long Island Tel. (516) 783-9662 • New York City Tel. (646) 290-8258
Fax No. (646) 435-4376 • James@CivilRightsNY.com

November 9, 2026

**VIA ECF**

Hon. Mary Kay Vyskocil, U.S.D.J.
Daniel Patrick Moynihan Courthouse
Southern District Court of New York
500 Pearl St.
New York, New York 10007-1312

**RE. Request for status conference**

***Kreisler v. 255-257 East 61st Street, LLC, et al.,***
**25cv6238 (MKV)(SN)**

Dear Judge Vyskocil:

I represent Plaintiff in the above-referenced matter and respectfully request that the Court schedule a telephonic status conference to address the refusal of Defendant 255-257 East 61st Street, LLC ("Defendant") to execute a settlement agreement, despite the parties having already settled this case in principle as to both the necessary accessibility alterations and the monetary amount. This is Plaintiff's first such request. Counsel for Defendant, Ira N. Glauber, Esq., does not object to the request.

On April 16, 2026, the Court held an initial pretrial conference, at which it learned that three Title III ADA actions had been filed against the same landlord concerning the same public accommodation. Your Honor indicated that the Court would seek to consolidate the three cases, and all parties agreed to participate in mediation. Following the conference, the parties attended multiple mediation sessions and settled the case in principle. The parties further agreed that the settlement agreements in all three cases would be identical, except for the monetary amounts and the names of the parties.

Despite that agreement, Mr. DeFunis has made consummation of the settlement extraordinarily difficult in all three cases. Throughout the negotiation of the settlement agreement, he repeatedly failed to respond to communications from Plaintiff's counsel and the mediator, so that each exchange of emails took weeks rather than days. Most recently, Mr. DeFunis has stalled final review of the settlement agreement, which prevents Plaintiff's counsel from sending it to our clients for signature. His sole stated reason is that he wishes to settle a separate, entirely unrelated action simultaneously with this one. That condition has no basis in the parties' agreement, has

nothing to do with the public accommodation at issue here, and effectively holds a resolved case hostage to a collateral matter.

A status conference is warranted for several reasons. First, the parties have already reached a settlement in principle, and the only obstacle to finalizing it is Defendant's unilateral and unjustified delay. Second, the delay prejudices Plaintiff, who has been awaiting resolution for months and whose ADA claims seek remediation of conditions at a public accommodation. Third, the delay burdens the Court and the parties, as three related actions remain pending that should have been resolved. Fourth, a conference is consistent with the Court's authority under the Federal Rules to facilitate settlement and to manage the case, and with Fed. R. Civ. P. 1, which directs that the rules be employed to "secure the just, speedy, and inexpensive determination of every action." Plaintiff has attempted in good faith to resolve this issue without the Court's intervention, but the repeated delays leave no practical alternative.

Plaintiff therefore respectfully requests that the Court schedule a status conference at its earliest convenience and, at that conference, direct Defendant to complete its review of the settlement agreement promptly and to proceed on the terms the parties already agreed to, without conditioning this settlement on the resolution of unrelated matters. Plaintiff further requests that the Court set a firm date for finalizing the settlement, failing which Plaintiff reserves the right to seek appropriate relief, including the setting of a schedule for further proceedings.

I thank the Court for its time and consideration of this request.

Respectfully Submitted,

/s/ James E. Bahamonde

James E. Bahamonde, Esq.
Law Offices of James E. Bahamonde, P.C.
Attorney for Plaintiffs

cc: (via ECF)
Bension D. DeFunis, Esq.

Ira N. Glauber, Esq.
Dilworth Paxson LLP
iglauber@dilworthlaw.com