Dilworth Paxson LLP

DIRECT DIAL NUMBER:
(917) 675-4252

Ira N. Glauber
iglauber@dilworthlaw.com

November 10, 2026

**Via Electronic Filing**
Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**RE: Todd Kreisler v. 255-257 East 61st Street, LLC, et al.;**
**Case No. 1:25-CV-006238- (MKV)(SN)**

Dear Judge Vyskocil:

I am one of the attorneys for 255-257 East 61st Street, LLC ("**Landlord**"), one of the defendants in the above-captioned action. I write in response to the November 9, 2026, letter (the "**November Letter**") from counsel for plaintiff Todd Kreisler requesting a court conference in this action. While Landlord has no objection to the requested conference, Landlord is compelled to write the Court to address several misstatements contained in the November Letter.

As the Court may recall, this case, as well as two additional cases (collectively, the "**ADA Cases**") entitled *Brown v. 2nd Ave Gourmet Inc., et al. (Case No.* 1:25-cv-00559) and *Lin Kwok Keung v. 2nd Ave Gourmet Inc. d/b/a 2nd Avenue Corner, et. al.* (Case No. 1:25-cv-01145; the "**Gourmet Action**"), asserting ADA claims against Landlord in connection with the same premises, are presently before Your Honor.

The parties to all three cases engaged in mediation and arrived at the business terms of a settlement agreement. Thereafter, the parties exchanged several versions of a draft settlement agreement. Landlord repeatedly made clear, however, that any settlement between the parties was subject to the parties executing a mutually agreeable written settlement agreement, and that the tenant (the "**Tenant**") of the subject premises and the tenant's guarantor (the "**Guarantor**") also must execute the written settlement agreement.

As of this writing, the Guarantor has refused to participate in the settlement; Landlord and Tenant continue to have unresolved issues regarding the terms of the settlement agreement, and there remain open issues regarding the settlement agreement between Landlord and the defendants.

Further complicating matters, Lin Kwok Keung, through his attorney B. Bradley Wietz (who represents Mr. Keung in the Gourmet Action), filed a second action captioned *Lin Kwok Keung v. Perfect Brow New York, Inc., et al.* (Case No. 1:25-cv-01143; the "**Brow Action**") the very same day as the Gourmet Action. In the Brow Action, Mr. Keung asserted ADA claims in connection with a separate premises in the same building (the "**Building**") that is the subject of the ADA Cases.

The Brow Action was kept hidden from Landlord as the complaint therein named a different owner of the Building. It was not until September 18, 2026, that Landlord was made aware of the Brow Action when it received a courtesy copy of the amended complaint therein naming Landlord as a defendant thereto. This course of conduct is particularly troubling as Mr. Wietz should have known at the time he filed the Brow Action that Landlord was the owner of the building, as he correctly named Landlord as the owner in the Gourmet Action. Moreover, Mr. Weitz certainly knew as of February 27, 2026, that Landlord was the owner of the building because Landlord, in its answer to the complaint in the Gourmet Action, stated that it "is the owner of the building located at 1161-1163 Second Avenue a/k/a 255-257 East 61st Street, New York, New York." Dkt. No. 29 at ¶ 5.

Upon receipt of the amended complaint in the Brow Action, Landlord sought to discuss a simultaneous resolution of the Gourmet Action and Brow Action. Mr. Weitz, however, has refused to engage in any such discussions.

Thank you for your time and consideration of this matter.

Respectfully submitted,

Ira N. Glauber

Ira N. Glauber (8383)
*Attorney for Defendant/Third-Party Plaintiff 255-257 East 61st Street, LLC*

cc: Bradley Weitz (via ECF and Email bweitz@gmail.com)